No. 43,436

JAMES JACOB STUBBS, *Petitioner*, v. SHERMAN H. CROUSE, Warden,
Kansas State Penitentiary, Lansing, Kansas, *Respondent.*

(386 P. 2d 227)

Opinion filed November 2, 1963.

Petitioner was on the briefs *pro se.*

*Arthur E. Palmer*, assistant attorney general, argued the cause and *William
M. Ferguson*, attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

JACKSON, J.: This is an original petition in habeas corpus and
comes under our constitutional grant of authority to entertain the
original petition (Constitution of Kansas, art. 3, § 3).

The case has been here on an ordinary appeal in *State v. Stubbs*,
186 Kan. 266, 349 P. 2d 936. Petitioner took the above appeal him-
self, and much the same matters were argued in that appeal as are
now posed. Petitioner was convicted of the crime of murder in the
second degree and while on the stand as a witness, he testified he
had been previously convicted of a felony on two different occasions.
Second degree murder is governed by G. S. 1949, 21-402, and the
habitual criminal statute is G. S. 1949, 21-107a.

Petitioner argues that the habitual criminal statute should not
have been employed because no mention was made of it in the
information. That is not the test which we employ in Kansas. If,
at the time he is sentenced, it is established from the record and
other competent evidence that the defendant is an habitual crim-
inal, it will be held valid. That is, the fact of his former convictions
must be brought out and defendant must be aware of the facts.

The opinion in *State v. Stubbs*, supra, gives the details of his
fight with Harned. The written statement was admitted in evi-
dence after the court had fully considered the problem.

On page 270, we find the statements concerning the two former

felonies which were admitted by defendant and now that defendant is convicted of a third felony, he is subject to being sentenced under the habitual criminal statute, G. S. 1949, 21-107a.

Stubbs seems hazy about the happenings the night of the murder, due to the influence of alcohol and a blow on his head. However, the evidence at the trial left no doubt that he had a fight with Harned using a knife, resulting in Harned's death.

This is a proceeding in habeas corpus but the case of *State v. Stubbs,* supra, was an appeal from the criminal case. He was represented by capable counsel for the trial of the case, although he had no counsel on the appeal. However, a judgment in the criminal case is more completely final than a mere habeas corpus decision.

We believe the opinion in *State v. Stubbs,* supra, covers all the questions in this case. The petition for a writ of habeas corpus is denied.