**James Jacob STUBBS, Appellant,**

v.

**Sherman H. CROUSE, Warden, Appellee.**

**No. 8836.**

United States Court of Appeals
Tenth Circuit.

Sept. 22, 1966.

Rehearing Denied Oct. 20, 1966.

George D. Bell, Kansas City, Kan. (Anthony R. Russo, Kansas City, Kan., on the brief), for appellant.

Richard H. Seaton, Asst. Atty. Gen., of Kansas (Robert C. Londerholm, Atty. Gen., of Kansas, on the brief), for appellee.

Before PICKETT and HILL, Circuit Judges, and PAYNE, District Judge.

HILL, Circuit Judge.

The appeal, by a state prisoner, is from an order, entered without an evidentiary hearing, dismissing a petition for a writ of habeas corpus.

Appellant, represented by court appointed counsel, was tried before a state court jury in Barton County, Kansas, in 1958, and convicted of the crime of murder in the second degree. During this trial, Stubbs testified in his own defense and during the course of his testimony admitted that he had been previously convicted in the state courts of Missouri for the commission of two felonies. After conviction the Kansas court denied a motion for a new trial and proceeded to pronounce sentence upon the defendant. At this time and immediately prior to sentence the sentencing judge recited the facts of Stubbs' judicial admission of the two prior felony convictions and inquired of Stubbs " * * * do you have any legal reason to give why the judgment and sentence of the court should not be pronounced against you?" Stubbs replied, "I have nothing to say." A sentence of sixty years confinement was then pronounced pursuant to the Kansas Habitual Criminal Act, K.S.A. 21–107a.

An appeal was taken to the Kansas Supreme Court from the conviction and sentence and Stubbs prosecuted this ap-

peal pro se without success.[1] Thereafter, he filed a petition for a writ of habeas corpus in the same court, which was denied.[2] In 1965, that court withdrew the original mandate, appointed counsel to represent Stubbs and reinstated the original appeal with the benefit to Stubbs of such appointed counsel. The conviction and sentence were again affirmed.[3] Thereafter, appellant filed his petition for a writ of habeas corpus in the court below.

Appellant's several contentions all go to the question of whether or not the sentencing judge legally applied the Kansas Habitual Sentencing Act in pronouncing sentence upon appellant after his second degree murder conviction.

Appellant's main thrust against the Kansas Habitual Criminal Act is that, as applied in his case, it is violative of the due process clause of the Fourteenth Amendment. He rather ingeniously points out that neither he nor his counsel had any prior notice that the Act would be invoked at the time of sentence; that this lack of notice deprived him of the effective assistance of counsel; that the court was thus deprived of jurisdiction to impose more than a ten year sentence, which sentence he has now served, and that he is entitled to the writ.

A simple answer to his entire argument is what this court said in Browning v. Hand, 284 F.2d 346, and Byers v. Crouse, 339 F.2d 550. Those cases hold that even though prior notice is constitutionally required if the Act is to be invoked, the prisoner waives such notice when he has had a full opportunity to be heard and to controvert the allegations of prior convictions and does not avail himself of such opportunity. The Kansas Supreme Court, in Stubbs' last case there, reached the same conclusion, based on the facts surrounding the pronouncement of sentence upon Stubbs. The trial court dismissed

the petition after giving proper consideration to the legal conclusions of the Kansas Supreme Court and we fully agree.

Affirmed.

---

1. State v. Stubbs, 186 Kan. 266, 349 P.2d 936.

2. Stubbs v. Crouse, 192 Kan. 135, 386 P.2d 227.

3. State v. Stubbs, 195 Kan. 396, 407 P.2d 215.