**UNITED STATES of America ex rel. Grady SMITH, Petitioner-Appellant,**

v.

**Hon. Edward M. FAY, Warden of Green Haven State Prison, Stormville, New York, Respondent-Appellee.**

**No. 420, Docket 29686.**

United States Court of Appeals Second Circuit.

Argued March 6, 1969.

Decided March 12, 1969.

Gretchen White Oberman, New York City (Milton Adler, New York City, on the brief), for petitioner-appellant.

Mortimer Sattler, New York City (Louis J. Lefkowitz, Atty. Gen. of State of New York, and Samuel A. Hirschowitz, First Asst. Atty. Gen., on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, and SMITH and KAUFMAN, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

Grady Smith was convicted in Kings County, New York, after a jury trial, of the crimes of robbery, grand larceny, and assault in 1961, and was sentenced as a third felony offender to a term of from 15 to 20 years. Having exhausted his state remedies, Smith filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of New York, alleging that his conviction was constitutionally infirm because the prosecution revealed his prior criminal record to the jury at the commencement of the trial. The district court dismissed the writ, and this appeal followed. For the reasons below, we affirm.

At the time of Smith's trial, there were in New York five crimes which were misdemeanors if the defendant had no prior convictions but were considered felonies if the defendant had previously been convicted of a crime.[1] When one of these crimes was charged as a felony, the prior crime was set forth in the indictment, and the prosecution was permitted to inform the jury of it both by reference to the indictment and by the introduction of proof.

The fourth count of the indictment upon which Smith was tried charged him with the offense of carrying a dangerous weapon, one of the five crimes which was raised from a misdemeanor to a felony if the accused had been previously convicted of a crime, as Smith had been. Accordingly, the indictment recited both the circumstances of the current offense and the fact of Smith's previous conviction for attempted burglary, and the prosecutor read the entire indictment in his opening to the jury. The trial judge then appropriately instructed the jury that the prior conviction was relevant only to the degree of the offense of carrying a dangerous weapon. Subsequently, in the course of the trial, the judge ruled that the prosecution had failed in its proof of this offense and struck count four from the indictment.

Smith first contends that when the prosecutor informed the jury of his prior conviction his right to due process was violated because it unduly prejudiced the jury's consideration of the other

---

1. These crimes were operating a motor vehicle while intoxicated, Veh. & Traf. Law, McKinney's Consol.Laws, c. 71, § 70(5); carnal abuse of a child, Penal Law, McKinney's Consol.Laws, c. 40, § 483-b; possession of eavesdropping instruments, Penal Law § 742; possession of burglar's instruments, Penal Law § 408; and possession of dangerous weapons, Penal Law § 1897. The first two were deemed felonies only if the defendant had a prior conviction for the same or a similar act, while the other three were deemed felonies if the defendant had previously been convicted of any crime.

charges against him. Were we writing on a clean slate, we might be quite sym-, pathetic to such a claim, since the possibility of unwarranted prejudice seems not insubstantial. However, in Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), the Supreme Court specifically held that the pleading and proof of prior crimes for the purpose of establishing that the defendant was a recidivist did not violate due process. Smith urges, nevertheless, that his case falls not under the rule in *Spencer,* but under the exception to that rule which the Court carved out in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). Since the fourth count of the indictment was eventually stricken, he contends, there was ultimately no valid purpose to support the recital of the prior conviction to the jury. We cannot agree that the exception extends this far. In *Burgett* the Court found that the prior conviction introduced at trial was presumptively invalid because at the time of the earlier conviction defendant had not been represented by counsel. The important distinction in the case before us is that Smith's prior conviction was not in any manner infirm from its incipiency and was properly presented to the jury under *Spencer.* We do not believe that the later failure of proof on the charge to which it was relevant can thus make its admission retroactively impermissible.

■ Smith secondly claims that informing the jury of his prior conviction violated his right to equal protection in that it subjected him to a procedure less fair than that afforded others similarly situated. Specifically, Smith argues that at the time of his conviction there were in New York two classes of cases in which proof of a prior conviction was relevant. The first was where, as in his case, the defendant was charged with a crime which was a felony rather than a misdemeanor if he had a previous conviction. In the second class fell those cases where the prosecution wished to establish that the defendant was a recidivist in order to increase his punishment. Originally, the prosecution had been permitted to inform the jury of an accused's prior conviction in both types of situations, but in 1957 the legislature forbade the recital of prior crimes in the indictment for the purpose of showing recidivism.[2] Thus, at the time of Smith's trial, only persons charged with one of the five misdemeanor-felony crimes was subject to this procedure.[3]

Smith argues that since the procedure is less fair than that afforded recidivists, and since the two classes of persons are closely related, subjecting him to it violated his right to equal protection. The defect in this argument lies in the assumption that the two classes of cases are so similar. The issue of recidivism is relevant only to the punishment appropriate upon conviction. But when a defendant is charged with a crime which is a felony only by virtue of his prior conviction, that prior conviction is an essential element of the present offense. Thus the legislature had reason to feel more reluctant to prohibit the prosecution from informing the jury of the defendant's previous crime in the latter class of cases than in the former. In sum, we find no denial of equal protection.

Affirmed.

2. N.Y.Code Crim.Proc. § 275–b. Now the procedure is for the district attorney to file with the court an information charging the prior crime after conviction. Penal Law § 1943.

3. In 1961, shortly after Smith's conviction, the N.Y.Code Crim.Proc. § 275–b was revised to provide that where a prior crime is alleged for the purpose of raising the grade of the offense from a misdemeanor to a felony, the prosecution shall charge the previous conviction in a separate information which shall be filed with the court. The prosecution may not refer to it in the opening to the jury, but must prove the prior crime to the jury as an element of its case if the defendant denies the prior conviction or stands mute.