Robert Sherman OSWALD, Appellant,

v.

Sherman H. CROUSE, Warden, Kansas State Penitentiary, Appellee.

No. 215–68.

United States Court of Appeals
Tenth Circuit.

Dec. 31, 1969.

Robert C. Bright, Oklahoma City, Okl., for appellant.

Edward G. Collister, Jr., Lawrence, Kan., for appellee (Kent Frizzell, Atty. Gen. of Kansas, on the brief).

Before MURRAH, Chief Judge, PICKETT and BREITENSTEIN, Circuit Judges.

PER CURIAM.

This is an appeal by a state prisoner from denial of his petition for the writ of habeas corpus without a hearing.

In 1965, Oswald was convicted of grand larceny, and sentenced as a habitual offender to a term of fifteen years, which he is now serving in the Kansas State Penitentiary. He attacks his sentence on the ground that certain convictions relied upon to invoke the habitual criminal act are invalid for lack of counsel.

A threshold question concerns exhaustion of state remedies. Oswald was previously denied federal habeas relief for failure to utilize state remedies. In

March, 1968, he filed a motion to vacate with the state sentencing court, pursuant to K.S.A. 60–1507. In his federal habeas petition, lodged August 16, 1968, he alleged the filing of the motion in the state court, and that it had not been acted upon. It had in fact been denied without hearing May 29. In a motion for rehearing filed with the district court, Oswald denied receiving notice of the state court order until August 30, 1968.

 Appellee pleads Oswald's failure to appeal the denial of his 1507 motion to the Kansas Supreme Court as a bar to federal habeas relief. Certainly, a determination not to appeal denial of state post-conviction relief to the highest court of a state in favor of resort to the federal court may constitute a deliberate bypass of state remedies. Kinnell v. Crouse, 384 F.2d 811 (10th Cir. 1967), cert. denied, 390 U.S. 999, 88 S. Ct. 1205, 20 L.Ed.2d 98; Langdon v. Patterson, 376 F.2d 29 (10th Cir. 1967); Terry v. Patterson, 372 F.2d 480 (10th Cir. 1967); Miller v. State of Oklahoma, 363 F.2d 843 (10th Cir. 1966); Watson v. Patterson, 358 F.2d 297 (10th Cir. 1966). However, as the district court observed, "he could not be expected to appeal from an order of which he had no knowledge." Oswald's claim that he did not learn of the denial of his 1507 motion during the period within which he might have filed a timely appeal therefrom is uncontradicted on the record before us. There is thus no ground for finding that he had deliberately foregone his remedies in the state appellate court. Oswald's claims are properly before this court for consideration on the merits.

Oswald had three convictions prior to the 1965 Kansas conviction. One, a 1951 Dyer Act conviction, is unchallenged. The journal entry of the second, a 1954 Missouri conviction for burglary, discloses that Oswald entered a plea of guilty therein without assistance of counsel. Appellee disclaims any reliance upon that conviction to support the enhanced sentence.

Oswald's third conviction, in 1955, is based upon his plea of guilty in a Tennessee court to housebreaking and larceny. The minute entry recites that two co-defendants appeared with Oswald on the day he entered his plea, both of whom entered pleas of not guilty. A jury was empanelled, which determined the guilt of the two co-defendants, and the punishment of all three.

The minute entry recites that the "defendants [appeared] in their own proper persons also their attorneys of record * * * *" and that the jury retired to deliberate "[a]fter hearing all the proof, the argument of counsel, and the charge of the Court."

 Certainly, the journal entry suggests that the three co-defendants appeared with more than one attorney. It does not affirmatively disclose, however, that any one attorney in fact represented Oswald. He may have been represented individually by an attorney, jointly with one or both co-defendants, or not at all. The record is, in short, indefinite and inconclusive as to whether Oswald was himself represented by counsel at the time of his plea. An ambiguous and inconclusive record is tantamount to a silent one, from which we may presume neither the presence of counsel nor the waiver thereof. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). Accordingly, an evidentiary hearing is necessary to determine the validity of the Tennessee conviction. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

 For the first time on appeal, Oswald urges that only two of his three prior convictions, those from Missouri and Tennessee, were relied upon by the State of Kansas to invoke the habitual criminal act. This factual issue must be determined by the district court. We have held that notice of invocation of the act is constitutionally required, in order that the defendant "have full opportunity to be heard on all matters under consideration and to controvert the allegation that he had been convicted of

previous felonies which would make him subject to the penalties of the habitual criminal statute." Browning v. Hand, 284 F.2d 346 at 347 (10th Cir. 1960), cert. denied, 369 U.S. 821, 82 S.Ct. 833, 7 L.Ed.2d 786. See also Stubbs v. Crouse, 366 F.2d 753 (10th Cir. 1966), cert. denied, 388 U.S. 922, 87 S.Ct. 2122, 18 L.Ed.2d 1370; Byers v. Crouse, 339 F.2d 550 (10th Cir. 1964), cert. denied, 382 U.S. 860, 86 S.Ct. 120, 15 L.Ed.2d 98. If the 1951 conviction was not in fact relied upon by the state to invoke the act, or if, as Oswald contends, it was cited at sentencing but reliance thereon expressly disclaimed, he had no cause to challenge its use to enhance his sentence under K.S.A. 21–107a, and accordingly, no effective opportunity to do so.

The judgment of the district court is vacated and the cause remanded for further consideration in accordance with the views set forth herein.