**UNITED STATES of America, Appellee,**

v.

**John Richard LILES, Appellant.**

**No. 25793.**

United States Court of Appeals, Ninth Circuit.

Sept. 30, 1970.

Darrell E. Ries (argued), Ries & Kenison, Moses Lake, Wash., for appellant.

Dean C. Smith (argued), U. S. Atty., Carroll D. Gray, Asst. U. S. Atty., Spokane, Wash., for appellee.

Before MERRILL and HUFSTEDLER, Circuit Judges, and JAMESON,* District Judge.

HUFSTEDLER, Circuit Judge:

Defendant Liles appeals from a conviction for violating Title VII of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. app. §§ 1201–1203 (possession of a firearm by a convicted felon).

In February 1969 Liles was convicted of a felony by a federal district court. He was released on his own recognizance during the pendency of his appeal. In October 1969, while at liberty, Liles entered the sporting goods section of the Tri-State Store in Moses Lake, Washington, and told a salesman that he wanted to buy a western type holster and belt for what appeared to be a revolver he showed the salesman. Shortly thereafter, Liles was indicted for violating the gun control provisions of the Omnibus Crime Act which, *inter alia*, makes it unlawful for anyone who has been convicted of a felony, with stated exceptions, to possess a firearm. 18 U.S.C. app. § 1202. He was convicted on February 26, 1970. Although he did not learn of it until after this conviction, Liles' earlier felony conviction had been reversed by the United States Court of Appeals for the Fifth Circuit on February 25, 1970. (United States v. Duke, 423 F.2d 387.) Liles' counsel made appropriate and timely mo-

tions to bring the new development to the court's attention. The motions were denied and this appeal followed.

Appellant makes several contentions: First, that the indictment was defective in that it failed to allege an essential element of the offense, specifically that the defendant possessed a firearm in commerce or affecting commerce among the states; second, that the gun control provisions are unconstitutional as beyond the legislative authority of Congress because they deal with local matters; third, that the evidence introduced was insufficient to prove that the object he had was, in fact, a firearm; and finally, that Congress did not intend the prohibitions of Title VII to apply to convicted felons whose convictions were later reversed.

■ Liles' first two contentions were decided adversely to him in United States v. Daniels (9th Cir. 1970) 431 F. 2d 697, in which we held that possession of firearms had sufficient effect upon interstate commerce to support exercise of congressional power and that the fact that the firearm was in, or affected, commerce is not an element of the offense stated in Title VII.

■ Appellant's third contention is a challenge to the sufficiency of the evidence to prove that the object he possessed was a "firearm" within the meaning of 18 U.S.C. app. § 1202(c) (3). Title VII defines a firearm as a weapon "which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." He argues here, as he did below, that the Government failed to prove that the object he possessed could actually have been fired. The gun itself was not produced. None of the prosecution witnesses had attempted to discharge the weapon, and appellant argues that the remaining circumstantial evidence points with equal force toward the possibility that the object was a toy or a BB pistol. The record indicates,

---

* Honorable William J. Jameson, United States District Court Judge for the District of Montana, sitting by designation.

however, that the evidence presented was not as flimsy as appellant would have us believe. The manager of the sporting goods section, a man who sold a wide variety of firearms, identified the weapon as common variety of revolver. He further testified that he had held the weapon briefly and that he had looked down the barrel and cylinder of the weapon with enough care to see that it did not appear to be loaded. So close an inspection offered ample opportunity for someone as familiar with firearms as was he to determine the nature of the object he was observing. Moreover, there was testimony that appellant had asked to see revolver ammunition for the weapon, although he did not purchase any. Finally, an acquaintance of Liles testified that he had seen the weapon, that it was a revolver similar to two that he himself had owned, and that appellant had identified it as a revolver of that kind. The direct and circumstantial evidence adequately sustained the Government's burden on this issue.

Appellant's most serious contention is that Congress intended to punish possession of firearms only by those whose convictions were eventually sustained at the end of the appellate process. He is struck by what appears to him as an anomaly—he is going to prison because he was a felon in possession of a firearm, but his conviction for a felony had been overturned before he was convicted on the present charge. The anomaly is illusory.

■ Title VII prohibits possession of firearms by anyone who "has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony." 18 U.S.C. app. § 1202(a) (1). Both the broad language of the statute and its legislative history impel us to the conclusion that Congress intended to subject to section 1202(a) (1) all persons, not within the classes expressly exempted:[1] (1) who have been

convicted of a felony, and (2) whose convictions have not been invalidated as of the time the firearm is possessed. Congress did not intend to exempt from section 1202(a) (1) one whose status as a convicted felon changed after the date of possession, regardless of how that change of status occurred. (*Cf.* DePugh v. United States (8th Cir. 1968) 393 F.2d 367.)

The history of the gun control provisions of the Omnibus Crime Act evidences Congress' deep concern about the easy availability of firearms, especially to those who Congress had reason to believe pose a greater threat to community peace than does the public generally. (S.Rep. No. 1097, 1968 U.S.Cong.Ad.News pp. 2112, 2163–69.)

This same concern was manifest in the Federal Firearms Act, 52 Stat. 1250, section 2(e) of which prohibits anyone under indictment for a felony to transport a firearm across a state line. When a question similar to the one at hand arose under that Act, it was held that the status of being under indictment at the time of the transporting made the prohibitions applicable, in spite of the fact that the indictment was later quashed. (DePugh v. United States, *supra.*)

The language of Title VII is no less sweeping than that of the Federal Firearms Act, and our interpretation of its prohibitions should be no less inclusive. Section 1202 speaks only of conviction of a felony. It contains no requirement that the conviction be finally upheld upon appeal.

When it so intended, Congress was quite clear in spelling out exemptions for analogous problems. For example, a specific exemption is provided in Title VII for those who are pardoned for their crimes and who expressly have been granted permission by the chief executive who pardoned them to possess firearms. (18 U.S.C. app. 1203(1).) The inference follows that Congress' failure to provide

---

[1]. Section 1203 lists certain classes of felons who are exempted from the gun control prohibitions. Section 1202(c) (2) de-

fines the term "felony" in such manner that the trade regulation crimes are excluded.

an exemption for one in the appellant's position was purposeful.

Subjecting a person to a penalty based on a status short of final conviction for a crime is not rare. For example, the same actions that forfeit bail for the guilty will forfeit bail for those later found innocent. (18 U.S.C. § 1350; 4 R. Anderson, Wharton's Criminal Law and Procedure 677–80 (1957).) One who flees prosecution is no less guilty if he is later found innocent of the original charge than if he were found guilty. (18 U.S.C. § 1073; *see* 3 R. Anderson, Wharton's Criminal Law and Procedure 757–60, 769–70 (1957).)

■ Liles' possession of the revolver was unlawful for one of his status at the time he possessed it. It is not made lawful by the subsequent reversal of his conviction.

The judgment is affirmed.