**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Eugene LUFMAN, Defendant-Appellant.**

**No. 71–1418.**

United States Court of Appeals,
Seventh Circuit.

Feb. 23, 1972.

---

10. *Supra*, note 1.

11. Id., at 253–254, 90 S.Ct. at 1594.

166

Frank G. Whalen, Chicago, Ill., for defendant-appellant.

Will Wilson, Asst. Atty. Gen., Marshall Tamor Golding, Atty., Dept. of Justice, Washington, D. C., James R. Thompson, U. S. Atty., Chicago, Ill., Beatrice Rosenberg, Atty., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee; Herbert Beigel, Sp. Atty., U. S. Dept. of Justice, of counsel.

Before HASTINGS, Senior Circuit Judge, and KILEY and KERNER,[1] Circuit Judges.

KILEY, Circuit Judge.

Defendant Eugene Lufman appeals from his conviction by a jury for violation of 18 U.S.C. App. § 1202(a) which makes it unlawful for a convicted felon to possess a firearm.

 During the trial in the instant case, Lufman filed a motion to dismiss the indictment, arguing that a 1938 conviction, which the government asserted as proof of his status as a convicted felon under § 1202(a), was constitutionally void. He argued that in the 1938 proceeding he had been denied his Sixth Amendment right to counsel, relying on Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Information concerning the 1938 conviction indicates that no attorney had appeared with him at the time he had pled guilty to the offenses for which he was convicted.[2] When the government intro-

1. Judge Kerner heard oral argument but did not participate in the adoption of this opinion.

2. The docket entries of the 1938 conviction are silent as to whether the defendant was represented by counsel, although the defendant submitted an affidavit below stating that he was not represented by counsel and was not advised that he had a right to counsel. The government argued below that "[s]ince the record of

duced the docket sheet of the 1938 conviction at the trial, an evidentiary hearing on the prior conviction was conducted outside the presence of the jury. The judge denied the defendant's motion to dismiss the indictment on the ground of the invalidity of the earlier conviction, stating that the 1938 conviction, even if constitutionally invalid, could not be collaterally attacked in the instant case.

We hold that the use of the 1938 proceeding against defendant in sustaining a conviction under § 1202(a) was reversible error.

 It is settled that a conviction rendered in violation of Gideon v. Wainwright, *supra,* may not be used against a defendant in a later proceeding to support a conviction or enhance the punishment. United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). The Supreme Court in *Tucker* followed Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), which involved the use of a prior conviction in a subsequent prosecution under a Texas recidivist statute. The Court stated, at 449, 92 S.Ct. at 593:

> In Burgett, we said that "[t]o permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case."

*Burgett* has also been applied by this and other circuits to invalidate convictions, under various statutes, which are based on prior constitutionally void judgments. The Second Circuit in United States v. Du Shane, 435 F.2d 187 (2nd Cir. 1970), relied on *Burgett* to overturn a conviction under the Firearms Act, 15 U.S.C. § 902(e), which prohibits a convict from shipping firearms and ammunition in interstate commerce. *See, also* United States v. Martinez, 413 F.2d 61 (7th Cir. 1969); Tucker v. Craven, 421 F.2d 139 (9th Cir. 1970); Oswald v. Crouse, 420 F.2d 373 (10th Cir. 1969); Beto v. Stacks, 408 F.2d 313 (5th Cir. 1969); Williams v. Coiner, 392 F.2d 210 (4th Cir. 1968); Losieau v. Sigler, 406 F.2d 795 (8th Cir. 1969).

The government argues that United States v. Liles, 432 F.2d 18 (9th Cir. 1970), authorizes a contrary result in this case. In *Liles* the defendant was tried under § 1202(a). At the time he was apprehended for buying firearms, his prior conviction was pending decision by the appellate court. During the trial of the § 1202(a) offense, the prior conviction was reversed. Nevertheless, the defendant was convicted for violating § 1202(a). The court of appeals, in affirming the § 1202(a) conviction, stated, at 20: "Congress did not intend to exempt from section 1202(a) (1) one whose status as a convicted felon changed after the date of possession, re-

---

defendant's prior felony conviction neither substantiates nor contradicts the defendant's contention the government demands that defendant be held to strict proof of his allegations and that he carry the burden of proof which he has in the first instance. *See* Johnson v. Zerbst, 304 U.S. 458, 469 [58 S.Ct. 1019, 82 L.Ed. 1461] (1938)."

This is incorrect. Once a defendant raises the constitutional invalidity of a prior conviction, the government has the heavy burden of proving absence of constitutional defect or waiver of rights. United States v. Du Shane, 435 F.2d 187, 189–190 (2nd Cir. 1970). When the record of a prior conviction is silent as to

the presence of counsel, it is presumed that the Sixth Amendment rights of the defendant have been violated. The government must affirmatively prove otherwise. Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); Burgett v. Texas, 389 U.S. 109, 114, 115, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); Oswald v. Crouse, 420 F.2d 373 (10th Cir. 1969); Losieau v. Sigler, 406 F.2d 795 (8th Cir. 1969). *See* United States ex rel. Baldridge v. Pate, 371 F.2d 424 (7th Cir. 1966). As the Court in *Burgett* added, "Presuming waiver of counsel from a silent record is impermissible." (389 U.S. 114–115, 88 S.Ct. 262).

gardless of how that change of status occurred."

 *Liles*, however, did not involve a prior conviction in which the defendant was deprived of his right to counsel. Such a conviction is "presumptively void," *Burgett*, 389 U.S. at 115, 88 S.Ct. 258, and "infirm from its incipiency," United States ex rel. Smith v. Fay, 409 F.2d 564, 566 (2nd Cir. 1969). *See also* Beto v. Stacks, 408 F.2d 313, 317, n. 9 (5th Cir. 1969). The prior conviction in *Liles*, on the other hand, was not void "at its incipiency," but voidable, since it was pending determination on appeal, and its subsequent reversal was not based on a finding of constitutional defect. Thus *Liles'* holding that the Act covers a convicted felon whose status may change *after* possession does not apply to the case at bar. Since the 1938 conviction was constitutionally void at its inception, Lufman was not a convicted felon at the time of possession.[3]

For this reason, we reverse the conviction.

Reversed.

HASTINGS, Senior Circuit Judge (concurring).

I join in Judge Kiley's carefully drawn opinion in this case for the simple reason that, in my considered judgment, this result is compelled by the recent holding in United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). It is obvious, of course, that neither the trial court nor the parties had the benefit of *Tucker* when the case was tried below and subsequently briefed and argued on this appeal.

3. The government argues that the defendant should have collaterally attacked his conviction in a writ of *coram nobis* prior to indictment in the present case. Relying on a statement in Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834 (1944), it claims that a constitutional right may be forfeited "by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it," at 444, 64 S.Ct. at 677. This assumes that the defendant

was untimely in raising the constitutional invalidity of his prior conviction in the trial below. Yet, as we have noted in the text of the opinion, such a conviction is infirm from its incipiency. Further, were we to adopt the government's suggestion and place the burden on the defendant of seeking vindication through *coram nobis*, we would be weakening the principle of retroactivity underlying the ruling in *Burgett*.