**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John James WENDT, Defendant-
Appellant.**

**No. 72-1568
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 30, 1972.

D. Freeman Hutton, Atlanta, Ga., for
defendant-appellant.

* Rule 18, 5 Cir.; see Isbell Enterprises,
Inc. v. Citizens Casualty Co. of New

John W. Stokes, U. S. Atty., Eugene
A. Medori, Jr., Asst. U. S. Atty., At-
lanta, Ga., for plaintiff-appellee.

Before BELL, DYER and CLARK,
Circuit Judges.

PER CURIAM:

Wendt appeals from a judgment en-
tered upon a jury verdict of guilty of
interstate transportation of a stolen mo-
tor vehicle in violation of 18 U.S.C.A.
§ 2312. We find his contentions that
there is insufficient evidence to convict
and that the court erroneously failed to
give a cautionary instruction contempo-
raneously with the admission of evidence
of a prior conviction to be without merit
and affirm.

■ No motion for a judgment of ac-
quittal was made by Wendt. The ques-
tion of the sufficiency of the evidence
was thus not preserved for appellate re-
view absent a manifest miscarriage of
justice. United States v. McGlamory, 5
Cir. 1971, 441 F.2d 130; United States
v. Penner, 5 Cir. 1970, 425 F.2d 729.
We find none here. On the contrary, the
evidence of Wendt's guilt is overwhelm-
ing.

■ Wendt concedes, as he must, that
it is proper to impeach the credibility
of a defendant by showing prior convic-
tions. United States v. Bland, 5 Cir.
1970, 432 F.2d 96, cert. denied 401 U.S.
912, 91 S.Ct. 877, 27 L.Ed.2d 810; Unit-
ed States v. Justice, 5 Cir. 1970, 431 F.2d
30. He also concedes that no request for
a cautionary instruction was made at any
time, although such an instruction was
given during the court's charge to the
jury. Wendt nevertheless contends that
the court's failure to instruct the jury
at the time the testimony was given is
plain error. Under the circumstances
here shown we dismiss this contention as
frivolous.

Affirmed.

York et al., 5 Cir. 1970, 431 F.2d 409,
Part I.