The **UNITED STATES**

v.

**John James WENDT.**

**Crim. No. 27303.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 15, 1972.

**648**

John James Wendt, pro se.

John W. Stokes, Jr., U. S. Atty., Eugene A. Medori, Asst. U. S. Atty., Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

Defendant, who was convicted and sentenced in this court and is now incarcerated in the Federal Correctional Institute, Texarkana, Texas, moves for re-sentencing and reduction of sentence under Rule 35, Fed.R.Crim.P. At his trial in this court defendant entered a plea of not guilty, but he was convicted by a jury under 18 U.S.C. § 2312 (1970) and sentenced to a term of four years' imprisonment on March 3, 1972. The conviction was affirmed on appeal. United States v. Wendt, 463 F.2d 202 (5th Cir. 1972).

Defendant alleges that in imposing sentence this court gave consideration to, among other things, four previous state convictions which he contends are invalid under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41 (1963). He claims that when those four convictions were secured he was not represented by counsel even though he was indigent and had not waived his rights to counsel. On the authority of United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), defendant asks that the court re-sentence him without consideration of the four allegedly invalid state convictions.

The facts of *Tucker* are that in 1953 Tucker was tried in the United States District Court for the Northern District of California on a charge of armed bank robbery. He entered a plea of not guilty. During the trial, four witnesses identified him as the robber, but he took the stand to deny participation in the robbery and offer an alibi defense. The government was permitted on cross-examination to ask him whether he had previously been convicted of any felonies in order to impeach the credibility of his testimony. Tucker admitted two previous felony convictions in Florida and one previous felony conviction in Louisiana. At the conclusion of the trial the jury entered a verdict of guilty. During the sentencing proceeding the federal district judge called upon an FBI agent to testify about Tucker's prior convictions, including the three acknowledged by Tucker at trial. The judge then sentenced Tucker to serve 25 years in prison—the maximum term authorized by the applicable statute. Several years later, in a post-conviction proceeding, the Superior Court of Alameda County, California, "determined" that the Louisiana felony conviction and the earlier Florida felony convictions were constitutionally invalid under *Gideon*.

In 1969, Tucker filed a motion under 28 U.S.C. § 2255 (1970) in the United States District Court for the Northern District of California in which he sought to vacate the 1953 federal sentence on the ground that evidence of prior invalid convictions had been admitted and had fatally tainted the jury's verdict of guilt. In response to the motion the United States Attorney conceded that two of Tucker's prior convictions were constitutionally invalid, and from the district court's opinion on the motion it appears the concession was based on the finding of the California state superior court. Tucker v. United States, 299 F.Supp. 1376, 1377 (N.D.Cal.1969). The district court concluded that while it was error to admit this evidence, the error was harmless beyond a reasonable doubt.

On appeal, the Ninth Circuit affirmed the district court's conclusion that the error did not fatally taint the jury's verdict of guilt. However, the Ninth Circuit went on to find that there was a reasonable probability that the invalid prior convictions which were considered by the district judge in imposing sentence led him to impose a heavier sentence than he otherwise would have imposed, and it remanded the case to the district court for resentencing. Tucker

v. United States, 431 F.2d 1292 (9th Cir. 1970).

The Supreme Court held that, although federal district judges have wide discretion in determining what sentence to impose upon a convicted defendant and may conduct a broad inquiry, largely unlimited in scope, to assist in making that determination, they may not consider, even in part, misinformation of constitutional magnitude in imposing sentence. Accordingly, the Court affirmed the Ninth Circuit.

This court has no problem with the *Tucker* holding that a sentencing court may not consider prior convictions determined to be invalid in imposing sentence, but the court is troubled by the implication in *Tucker* as to how the invalidity of prior convictions may be "determined." At all three stages of Tucker's motion it was apparently assumed that the *California* state superior court's "determination" of the invalidity of *Louisiana* and *Florida* state convictions was an appropriate exercise of that court's jurisdiction and conclusive on the issue. The only reference the Supreme Court made to this was a footnote to the effect that the unreported superior court "determination" had not been disturbed on appeal. United States v. Tucker, *supra*, 445 n.2, 92 S.Ct. 589. Moreover, the Court noted that the government, in its brief, stated it was informed that Tucker did, in fact, have counsel at the second Florida trial which resulted in the later felony conviction as to which Tucker testified at his federal trial in 1953. Tucker's brief stated that he did not have counsel at that later Florida trial. United States v. Tucker, *supra*, 448 n.6, 92 S.Ct. 589. Although the Court's note concluded only that the second Florida conviction had not been "determined" to be invalid, the implication of that note is that the government has the duty to prove that all prior convictions considered by a sentencing judge in imposing sentence are valid. Indeed,

the Seventh Circuit, in an opinion applying *Tucker*, has held just that, and has further held that if a defendant raises the constitutional invalidity of a prior conviction which was used against him for sentencing purposes and the government fails to prove the conviction valid, it must be presumed that defendant's rights have been violated. United States v. Lufman, 457 F.2d 165, 167 (7th Cir. 1972).

If this court's understanding of *Tucker* and *Lufman* is correct, whenever someone sentenced by this court moves for re-sentencing and asserts that this court in imposing sentence considered his prior state and federal convictions, the government will have the obligation to investigate each and every one of those prior state or federal convictions, regardless of the jurisdiction in which they were obtained, and prove that they were not constitutionally infirm. This court would have the same obligation in considering prior convictions before sentencing. These investigations, too, could not be limited to possible *Gideon* violations, but would have to extend to all constitutional violations. *See* Beto v. Stacks, 408 F.2d 313, 318 (5th Cir. 1969) (unlawful search and seizure). Not only that, but if a conflict arose on a post-sentence motion between the government and the person sentenced as to the validity of a prior conviction, this court would presumably have to hold a hearing, *see* United States v. DuShane, 435 F.2d 187 (2d Cir. 1970), or otherwise make findings in order to reach a proper determination, and it would sit as some sort of super court of review with nationwide jurisdiction to determine the validity of convictions, albeit without the power to grant relief other than re-sentencing. This would be true whether the person sentenced was challenging one prior conviction or several[1] and whether the convictions challenged were recent or ancient.[2]

1. Defendant Wendt has a record of prior convictions five pages long.

2. In the *Lufman* case the prior conviction in question was obtained in 1938.

**650**

It is conceivable that as a result of *Tucker* and Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972) (which held that the use by the prosecution at trial of prior, invalid convictions for impeachment purposes was unconstitutional), prior convictions will not be used at all by the prosecution or the courts for purposes of conviction or sentencing, unless they are willing to gamble or do a great deal of investigative work. This may very well be salutary insofar as it applies to the use of prior convictions for impeachment purposes, but one wonders if every defendant should be sentenced as if he or she were a first offender.

In the present case, Wendt alleges that four prior Maryland convictions and one prior Florida conviction are invalid under *Gideon*. The court deems it proper at this point to order the Attorney General to present Wendt in this court September 29, 1972 for re-sentencing in light of United States v. Tucker, *supra*.

For the foregoing reasons the Attorney General of the United States is hereby ordered to present defendant in this court September 29, 1972 for re sentencing.

It is so ordered.