**UNITED STATES of America,
Appellee,**

v.

**Clifton WOOTEN, Jr., Appellant.**

No. 73-2508.

United States Court of Appeals,
Fourth Circuit.

Submitted Aug. 20, 1974.

Decided Oct. 1, 1974.

Trawick H. Stubbs, Jr., New Bern, N.C., on brief for appellant.

Thomas P. McNamara, U.S. Atty., and Malcolm J. Howard, Asst. U.S. Atty., on brief for appellee.

Before BOREMAN, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

Tried by the court without a jury, after waiver of jury trial, Clifton Wooten, Jr., was convicted of violating 18 U.S.C. App. § 1202(a) which provides criminal penalties for any person who has been convicted by a court of the United States or of a state or any political subdivision thereof of a felony and who receives, possesses or transports in commerce or affecting commerce any firearm. Wooten was sentenced to imprisonment for a term of two years.

On appeal Wooten contends that (1) the district court erred in denying his motion for judgment of acquittal under Rule 29(a) of the Fed.R.Crim.P.; (2) the evidence presented fails to establish

that the defendant had been convicted of a prior felony within the meaning of 18 U.S.C. App. § 1202(a)(1); and (3) the sentence imposed by the court constituted cruel and inhuman punishment. Points (1) and (2) will be considered together.

At the close of the Government's evidence the defendant moved for judgment of acquittal, announced that the defense would offer no evidence, and thereupon renewed his motion.

The defendant was arrested on July 17, 1973. The arresting officer's uncontradicted evidence at trial disclosed that he observed Wooten take from the driver the keys to the car in which he and four others were sitting, open the glove compartment of the car, remove a gun from underneath his sweater, place it in the glove compartment and then lock the compartment; that Wooten returned one key to the driver and put the other in his pocket; that upon arresting the defendant and finding a key in his pocket the officer used that key to open the glove compartment and there found the gun. There was ample evidence from testimony and records introduced before the court that this particular firearm had been transported in interstate commerce.

Defendant contends that since he was arrested at night and there was no light on inside the car the officer, from his position at the rear of the car, could not have seen the defendant who was sitting in the front seat next to the door on the right. However, at the time of the occurrence, the bright headlights and the beam from a spotlight of the officer's patrol car were focused on the car in which the defendant was sitting.

The court undertook to review the evidence and made findings based thereon. It found that the lighting was sufficient to enable the arresting officer to observe the defendant's actions with respect to removing the handgun in question from his person, placing it in the glove compartment of the car, and locking the compartment door; that the key found by the officer in defendant's possession unlocked the compartment door and that this evidence was sufficient to sustain the charge that the defendant possessed the gun.

From the evidence the court further found that the defendant had earlier been convicted of possession of heroin in a state court of North Carolina and sentenced to a term of five years in prison. The court rejected the argument that since a timely appeal from that conviction had not at that time been determined and since the state court conviction was not affirmed in the North Carolina Court of Appeals until December 12, 1973, the defendant did not at that time stand "convicted by a court of the United States or of a state or any political subdivision thereof of a felony." The court denied the defendant's motion for judgment of acquittal and found the defendant guilty of the crime charged in the indictment.

 On appeal the defendant presents the same arguments as those presented to the trial court although it would appear that the thrust of his argument is directed to the sufficiency of the evidence to sustain the charge of possession of the firearm. However that may be, on the motion for judgment of acquittal the question is whether the evidence, viewed in the light most favorable to the prosecution, is such that the finder of fact *might* find the defendant guilty beyond a reasonable doubt. United States v. Pardee, 368 F.2d 368, 373 (4 Cir. 1966); United States v. Sawyer, 294 F.2d 24, 31 (4 Cir. 1961), cert. denied 368 U.S. 916, 82 S.Ct. 196, 7 L.Ed. 2d 132 (1961). The uncontradicted testimony of the arresting officer concerning the possession of the firearm by the defendant, and the evidence that the firearm had been transported in interstate commerce, all of which was accepted as true by the trier of fact, could sustain a finding of guilt on that issue.

The defendant again urges that since his conviction on the charge of possession of heroin was pending on appeal in North Carolina Court of Appeals at the

time of his trial below that he did not at the time of his arrest, indictment and trial in the instant case stand "convicted by a court of the United States or of a state or any political subdivision thereof of a felony." We reject this argument. There is no reason to believe that when Congress used the word "convicted" it meant anything other than exactly that. Congress could have made section 1202(a)(1) applicable only to one who had been convicted and whose conviction had already been affirmed on appeal but it did not do so. *See* United States v. Williams, 484 F.2d 428 (8 Cir. 1973); United States v. Liles, 432 F.2d 18 (9 Cir. 1970); DePugh v. United States, 393 F.2d 367 (8 Cir. 1968).

Challenging the prior conviction Wooten relies upon United States v. Lufman, 457 F.2d 165 (7 Cir. 1972), but we find it of no relevance here. In *Lufman* the defendant was convicted of a violation of § 1202(a) and the conviction was reversed on appeal because a prior conviction on a plea of guilty by Lufman, who was not represented by counsel, was used by the prosecution as proof of Lufman's status as a convicted felon contrary to Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), which held that such a conviction cannot be used against a defendant in a later proceeding. In the instant case Wooten's prior conviction has been affirmed on appeal, State v. Wooten, 20 N.C.App. 139, 20 S.E.2d 89 (1973), and was not, as in *Lufman*, constitutionally void *ab initio*.

Appellant's contention (3) that the sentence to a term of confinement for the maximum statutory period, two years, constituted cruel and unusual punishment, is without merit. It has been decided by this court that interference with a sentence which is within the limitation provided by the statute is not, in the absence of extraordinary and special circumstances, within the appellate court's province. United States v. Martell, 335 F.2d 764 (4 Cir. 1964).

We conclude that the evidence, viewed in the light most favorable to the prosecution, United States v. Sherman, 421 F.2d 198 (4 Cir.), cert. denied, 398 U.S. 914, 90 S.Ct. 1717, 26 L.Ed.2d 78 (1970), was sufficient to sustain Wooten's conviction. Finding no error we dispense with oral argument and affirm the judgment of conviction and sentence.

Affirmed.