**UNITED STATES of America**
**v.**
**Peter MEGURA.**
**Crim. No. B-74-21.**

United States District Court,
D. Connecticut.

April 10, 1975.

H. James Pickerstein, Asst. U. S. Atty., Bridgeport, Conn., for plaintiff.

Gregory B. Craig, Federal Public Defender, New Haven, Conn., for defendant.

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS

NEWMAN, District Judge.

Defendant, indicted for firearms violations, has moved to dismiss the indictment on the grounds that the state court conviction that forms the predicate for the pending federal charges was unconstitutionally obtained under the principles of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Defendant was charged in Counts 1 to 4 with possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. Appx. § 1202(a)(1), and in Counts 5 to 8 with making a false statement in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)·(6). The false statement alleged is the denial, on Treasury Form 4473, that the defendant had been convicted of the same felony alleged in Counts 1 to 4.

The Government has conceded that the state felony conviction is unconstitutional. The conviction was obtained upon defendant's plea of guilty. The transcript of the plea proceeding reveals that no inquiry whatever was conducted to ascertain the voluntariness of the plea. Defendant was put to plea and responded, "Guilty."

While there is no doubt that this transcript would require invalidating the state court conviction on direct appeal, Boykin v. Alabama, *supra*, the Court is not as certain as the Government that a concession of invalidity is required when a conviction thus obtained is attacked collaterally to avoid its use as a predicate for an additional offense. *Boykin* construed the Due Process clause of the Fourteenth Amendment to impose upon the states at least some of the requirements of Fed.R.Crim.P. 11, as interpreted in McCarthy v. United States, 394 U. S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). See United States ex rel. Hill v. Ternullo, 510 F.2d 844, 845 n. 1 (2d Cir. 1975). However, the Supreme Court itself has declined to apply *McCarthy* retroactively to permit collateral attack of federal convictions obtained, prior to *McCarthy*, without compliance with Rule 11. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). The dissenting opinion in *Boykin* thought the reversal of Boykin's conviction inconsistent with the *Halliday* rule of nonretroactivity of *McCarthy*. 395 U.S. at 244, 247–49, 89 S.Ct. 1166. Since the majority opinion made no mention of *Halliday*, *Boykin* cannot properly be understood as overruling *Halliday*, though it is not entirely clear how the two decisions are to be reconciled.

*Halliday* and *Boykin* both involve a plea of guilty entered prior to *McCarthy*. They differ, however, in two respects. *Halliday* was a collateral attack upon a federal conviction; *Boykin* was a direct appeal of a state conviction. It appears that the form of review has significance, at least as to state convictions. Federal convictions can apparently be attacked collaterally, for violation of Rule 11, so long as the conviction occurred after the *McCarthy* decision, see Irizarry v. United States, 508 F.2d 960 (2d Cir. 1974), but not if it occurred before, as *Halliday* itself illustrates. State convictions, however, regardless of when they occurred, are apparently to be vacated on direct review for failure to conform to *Boykin* standards, as *Boykin* itself demonstrates, but are not to be summarily vacated on collateral attack for a *Boykin* violation, see United States ex rel. Hill v. Ternullo, *supra*. Instead such collateral attacks are to be resolved by affording the petitioner a hearing to determine the voluntariness of the plea as a matter of fact. See Todd v. Lockhart, 490 F.2d 626 (8th Cir. 1974); Walker v. Caldwell, 476 F.2d 213, 215 n. 1 (5th Cir. 1973). At such a hearing a transcript of the state court

plea proceeding would have strong evidentiary significance, but would not preclude other evidence to establish that the defendant did in fact plead voluntarily with full understanding of the charge, the penalties, and the rights he was relinquishing.

In this case, the Government has declined to contest the defendant's contention that his state court conviction is invalid. It may well be that the circumstances of this defendant's state court plea would, if explored, indicate a lack of voluntariness, and the Government's concession may simply reflect a candid assessment of the inevitable outcome of such a hearing. In any event, the concession has been made, and, as a result, the Court granted the Government's motion to dismiss Counts 1 to 4 of the indictment. The issue thus becomes whether the remaining counts of the indictment are valid.

The Government contends that the false statement charges are valid. Apparently the contention is that a conviction invalid under *Boykin* can be the subject of a false statement within the meaning of § 922(a)(6). Defendant urges that the false statement counts are as invalid as the possession counts, relying on Burgett v. Texas, 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967), for the proposition that a conviction unconstitutionally obtained cannot be used "either to support guilt or enhance punishment."

Defendant further contends that a conviction unconstitutionally obtained is "infirm from its incipiency," United States v. Lufman, 457 F.2d 165, 168 (7th Cir. 1972), that, as *Lufman* observed, the firearms purchaser was not a convicted felon at the time of possession, and similarly, that this defendant did not make a false statement, and surely not a knowing one, when he denied that he had been convicted. Final-

ly, Megura contends that since an unconstitutional conviction cannot be used to impeach the credibility of a defendant who testifies at a trial, Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), this defendant's prior conviction cannot be introduced in evidence to prove that his denial of a prior conviction was false.

The argument that an unconstitutional conviction is void from its inception, as *Lufman* held, and that it cannot be used for any evidentiary purpose, as *Loper* suggests, would be persuasive and dispositive of this motion were it not for a query raised by footnote 11 to the *Loper* opinion, 405 U.S. at 482, 92 S.Ct. at 1019. The Court there pointedly observed that *Loper* was "not a case where the record of a prior conviction was used for the purpose of directly rebutting a specific false statement made from the witness stand. *Cf.* [United States ex rel.] Walker v. Follette, 2 Cir., 443 F.2d 167, and see Harris v. New York, 401 U.S. 222 [91 S.Ct. 643, 28 L.Ed.2d 1]; Walder v. United States, 347 U.S. 62 [74 S.Ct. 354, 98 L.Ed. 503]." The implication is that even a conviction unconstitutionally obtained could be used to challenge a witness who denies he was ever convicted, see Walker v. Follette, *supra*, and this implication not only suggests an evidentiary use of such a conviction, but also appears to be counter to the *Lufman* observation that such a conviction is void from its incipiency. If it can be used to impeach a denial of a prior conviction,[1] the denial must be considered false and the conviction must be considered not void, though voidable.

For two reasons, however, the *Loper* footnote cannot salvage the remaining counts of this indictment. Were this defendant tried on the false statement counts, the invalid state court conviction would not be offered merely to impeach

1. It should be noted that "impeach" in this sense means refute specific testimony by contrary evidence, *i. e.*, the fact of the prior conviction, as in Walker v. Follette, *supra*, rather than impair credibility of the witness by showing him to be a convicted felon, as in Loper v. Beto, *supra*.

trial testimony; it would be an indispensable part of the Government's affirmative case. It would plainly be used to "support guilt" within the meaning of Burgett v. Texas, *supra*. The fact that *Burgett* involved a conviction invalid under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), whereas this defendant's prior conviction is invalid under *Boykin* is of no consequence. Both *Gideon* and *Boykin* are concerned with the validity of convictions and with the integrity of the process by which convictions are obtained. They do not involve merely evidentiary rules, even of constitutional proportions, *cf.* Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), that bar use of otherwise probative evidence.

More fundamentally, § 922(a)(6) cannot be construed to penalize the denial of a conviction obtained unconstitutionally. This is not to suggest that every inquiry about an unconstitutional conviction is insulated from adverse consequences. If an unconstitutional conviction can be used to impeach a defendant at trial who falsely denies its existence, as the *Loper* footnote suggests, then, in other contexts, a false denial may also bring adverse consequences. For example, it may well be that a grand jury witness who falsely denies a prior conviction, even though unconstitutionally obtained, violates 18 U.S.C. § 1623, since he blocks the grand jury's inquiry into the circumstances surrounding the conviction. Such circumstances may well be material to a grand jury's proper inquiry. Section 922(a)(6), however, does not proscribe false denial of a prior conviction in order to insure full exploration of the surrounding circumstances. The false statement prohibition is in the firearms statute solely as an aid to implementation of the statute's substantive prohibitions. False denials of prior convictions are penalized to implement the prohibition of possession, purchase, or interstate transportation of a firearm by a convicted felon. *Cf.* Dameron v. United States, 488 F.2d

724 (5th Cir. 1974; United States v. DuShane, 435 F.2d 187 (2d Cir. 1970). Just as those provisions have been interpreted to prohibit firearms activity only by those who have been constitutionally convicted, Dameron v. United States, *supra*, 488 F.2d at 727, § 922(a)(6) should be construed to penalize false denials only of constitutional convictions.

Accordingly, the defendant's motion to dismiss the indictment is granted.