No. 76–6261. RANSOM v. UNITED STATES. C. A. 5th Cir. Certiorari denied.

MR. JUSTICE WHITE, dissenting.

This case raises the question whether 18 U. S. C. § 922 (a) (6), which prohibits the purchaser of a firearm from making a

false statement material to the lawfulness of the sale, requires the purchaser to disclose a prior felony conviction obtained in violation of his Sixth Amendment right to counsel. Petitioner contends that a conviction obtained without the counsel guaranteed by *Gideon* v. *Wainwright,* 372 U. S. 335 (1963), is "void" under *Burgett* v. *Texas,* 389 U. S. 109 (1967), and therefore cannot be used to convict a person who has represented that he has no prior felony convictions. Some courts have accepted this theory, *United States* v. *O'Neal,* 545 F. 2d 85 (CA9 1976); *United States* v. *Pricepaul,* 540 F. 2d 417 (CA9 1976), or have held that a conviction invalid for denial of the right to counsel is not material to enforcement of the federal firearms statutes, *United States* v. *Meguira,* 394 F. Supp. 246 (Conn. 1975); see *United States* v. *Cody,* 529 F. 2d 564, 567 n. 4 (CA8 1976) (dictum). Other courts, including the Fifth Circuit panel below, have held that even where a prior conviction is invalid for failure to furnish counsel, a purchaser of firearms who falsely represents that he has no prior convictions may be punished under § 922 (a) (6). *United States* v. *Allen,* 556 F. 2d 720 (CA4 1977); *United States* v. *Graves,* 554 F. 2d 65 (CA3 1977); *United States* v. *Ransom,* 545 F. 2d 481 (CA5 1977); *United States* v. *Cassity,* 521 F. 2d 1320 (CA6 1975).

While I recognize that this Court cannot decide every question of federal law presented to it, there is an urgent need to resolve conflicts such as this one. American citizens have a right to know the precise requirements of the criminal code with which they are expected to comply. The national criminal code should not be differently interpreted in different courts; some individuals should not be punished for conduct for which others would go free. Because the task of resolving such conflicts in interpreting the federal law is not here being fulfilled, I dissent from the denial of certiorari in this case.