McWILLIAMS, Circuit Judge.
Rhenna Navajo Edwards was arrested for drunken driving in Oklahoma City, Oklahoma and was later charged in the District Court for Oklahoma County, Oklahoma with the crime of operating a motor vehicle while under the influence of intoxicating liquor in violation of 47 O.S.1971 § 11-902. Shortly after his arrest Edwards voluntarily agreed to take a so-called breathalyzer test. This test was administered by a qualified Oklahoma City police officer in accord with applicable Oklahoma law, and the result indicated a .26 blood-alcohol concentration level. At the conclusion of the breathalyzer test the operator destroyed the test ampoule and its contents in accord with applicable rules and regulations of the Oklahoma Board of Chemical Tests for Alcoholic Influence. 47 O.S.1971 §§ 751-759.
Though the motion is not a part of the record before us, it would appear that in the state criminal proceeding Edwards filed a motion to suppress the use at trial of the results of the breathalyzer test. This motion was grounded on the fact that the test ampoule had been destroyed shortly after the test and was no longer available for inspection and testing. The state trial court conducted a short evidentiary hearing and then denied the motion to suppress. At the ensuing trial the results of the breathalyzer test were received in evidence. The state trial court found Edwards guilty of the crime charged, and imposed both a fine and jail sentence.
On appeal, Edwards’ conviction was affirmed. Edwards v. Oklahoma, 544 P.2d 60 (Okl.Crim.1976). After exhausting his state remedies for post conviction relief, Edwards filed the present petition in the United States District Court for the Western District of Oklahoma. The petition sought ha-beas corpus relief under 28 U.S.C. § 2241. The gist of the petition was that Edwards had been denied a fair trial in the state proceeding and that accordingly he had been denied his constitutional right of due process. This claim was based on the denial of the state trial court of Edwards’ motion to suppress the result of the breathalyzer test. This motion, in turn, was based on the belief, by Edwards, that destruction of the test ampoule precluded him from a fundamental right in connection with his preparation for trial and resulted in an unfair trial which constituted a denial of due process. Edwards asked for an evidentiary hearing on the matter. The federal district court issued an order to show cause, and the State of Oklahoma, the respondent in the present proceeding, filed a response.
The federal district court did not hold an evidentiary hearing on the matter. However, it did have before it a transcript of the hearing held by the state trial court in connection with the motion to suppress. The federal district court then entered an order dismissing the petition and held, in effect, that the destruction of the test ampoule did not render inadmissible the results of the breathalyzer test and that Edwards’ constitutional right to due process, including a fair trial, had not been violated. A motion for a new trial, which included a renewed request for an evidentiary hearing, was denied. This appeal followed.
*1121 In our view of the matter the federal district court erred in not holding an evidentiary hearing into the matters presented, and it is on this basis that we vacate the judgment of the district court and remand for further proceedings.
Counsel in this Court agree that in a proceeding of the present type the federal district court must hold an evidentiary hearing if the habeas petitioner , did not receive a full and fair hearing in a state court on the matter sought to be raised in the habeas petition. Conversely, if the habeas corpus application did receive a full and fair hearing in the state court, and the transcript thereof is before the federal court, then an evidentiary hearing need not be held. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). See also Harris v. Nelson, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969) and Oswald v. Crouse, 420 F.2d 373 (10th Cir. 1969).
Our study of the transcript of the hearing in the state court on the motion to suppress leads us to conclude that though the hearing in the state court was no doubt fair, it still was not a full hearing. In our view the record before us contains too many unanswered questions to permit us to make a definitive declaration that Edwards’ constitutional rights have, or have not, been violated. For example, it is apparently agreed that the destruction of the test ampoule in the instant case was in accord with regulations of the Board of Chemical Tests for Alcoholic Influence. Attached to the order of the district court dismissing the present petition is a copy of such rules and regulations. However, our reading of these rules fails to disclose any specific rule concerning the destruction of test ampoules, although there is a reference to disposal of the test ampoule in item 9 of the Breath Analysis Record and Report. In any event, the record before us fails to disclose any reason for the destruction of the test ampoule immediately upon completion of the breathalyzer test. Nor do any rules or regulations before us give any clue. The matter simply was not inquired into at the hearing on the motion to suppress. The officer giving the test was asked whether the test ampoule and its contents could not be preserved with a reasonable amount of effort. Objection to such inquiry was sustained. The witness made the conclusory statement that “we can’t retain” test ampoules, but the “why” was never explained.
The question of whether the non-malicious destruction of a test ampoule immediately after the giving of a breathalyzer test violates a defendant’s right to a fair trial in a drunk driving case has been the subject matter of recent decisions from several states. The results have been diverse. For example, California and Alaska have held that such destruction of the test ampoule does violate a defendant’s due process rights. See Lauderdale v. State, 548 P.2d 376 (Alaska 1976) and People v. Hitch, 12 Cal.3d 641, 117 Cal.Rptr. 9, 527 P.2d 361 (1974). Colorado and Oklahoma have held that such destruction did not violate a defendant’s right to due process. See People v. Hedrick, 557 P.2d 378 (Colo.1976) and Edwards v. Oklahoma, 544 P.2d 60 (Okl.Crim.1976). The latter case is the direct appeal taken by Edwards, the present petitioner, to the Court of Criminal Appeals of Oklahoma. In this regard we are of course aware that the Court of Criminal Appeals of Oklahoma was of the view that the record before it was sufficient to enable it to come to grips with the constitutional issues. Whether the record before that court is the same as the record before this Court, we do not know. We do know that Edwards in his present petition raises matters that were not mentioned or alluded to by the Court of Criminal Appeals of Oklahoma in its opinion. In any event, we are disinclined to grapple with potentially close constitutional issues until we have a more secure factual underpinning.
On remand, the trial court is not limited in its evidentiary hearing to the matters above referred to. Any matter that it deems pertinent as the hearing proceeds should be inquired into. As above indicated, we are interested in knowing more about the particular breathalyzer test given Edwards. Cases from other jurisdictions *1122 may be inapposite unless there be at least a similarity between the tests. Also, we want to know more about the test ampoule and why it is destroyed immediately after the test. We would also like to see the local rule which permits immediate destruction. We recognize that it may later develop that ascertaining the facts is not as important in the overall resolution of the matter as we imagine it. Be that as it may, we do want to know more facts about the breathalyzer test and particularly about the test ampoule before making a decision as to whether Edwards was denied due process.
Judgment reversed and case remanded for further proceedings consonant with the views herein expressed.