**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Robert DAMERON, Defendant-
Appellant.**

**No. 71-2192.**

United States Court of Appeals,
Fifth Circuit.

May 12, 1972.

Clarence E. Morgan, III, Kosciusko, Miss. (court-appointed), for defendant-appellant.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, James B. Tucker, Asst. U. S. Attys., Jackson, Miss., for plaintiff-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Appellant Dameron was tried and convicted of a violation of 18 U.S.C. § 922(g) (1), which pertains to interstate transportation of a firearm by one who has been convicted of, or is under indictment for, a crime punishable by a term of imprisonment exceeding one year. The facts of appellant's possession and transportation of a .38 caliber Derringer pistol are undisputed. At trial appellant elected to testify and admitted that he had purchased the Derringer, had been convicted of several felony counts in the State of Arkansas and had transported the Derringer in his car when he drove from his home in Louisiana to Natchez, Mississippi. In Natchez he was stopped on a traffic offense, at which time his car was searched and the gun found lodged between the front seats.

On appeal appellant raises two lines of attack; first, that his stop and arrest in Mississippi for violation of a Natchez reckless driving ordinance and his subsequent consent to search were constitutionally infirm; and second, that he was, as a matter of law, not guilty of the offense as he had been pardoned by

the Governor of Arkansas before the indictment was returned.

■ Appellant's assertions on this record lack merit. As to the latter contention, the record reveals that the pardon was obtained after Dameron had been arrested on the weapons charge, but before he was indicted. The subsequent pardon does not, however, free appellant from the legal consequences of his prior actions. Before the pardon was obtained, appellant, or persons similarly situated, would commit a separate offense by knowingly transporting a firearm in interstate commerce. The statutory prohibition was triggered by his status as a convicted felon, a status which did not change until the pardon was received. The pardon simply came too late to save appellant from this charge. Compare United States v. Liles, 432 F.2d 18 (9th Cir., 1970).

As to the second contention, appellant vigorously challenges the facial validity of the Natchez reckless driving ordinance on which authority he allegedly was stopped. The ordinance, which tracks the language of the state statute (Miss.Code, 1942, Rec., § 8175), provides:

Sec. 30-197. Reckless driving.

Any person who drives any vehicle in such a manner as to indicate either a wilful or a wanton disregard for the safety of persons or property is guilty of the misdemeanor of reckless driving. (Code 1954, § 14.33)

State law reference. Similar state law, Miss.Code Ann., 1942, § 8175(a).

■ Appellant's frontal assault on the ordinance on vagueness grounds, see Papachristou v. Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972), while substantial, is ineffectual. Regardless of the outcome of a direct challenge on vagueness grounds, on which we express no opinion, if appellant's arrest was made in the good faith enforcement of a *then* valid ordinance, a subsequent holding of facial invalidity does not of itself taint appellant's consent to search. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); United States v. Kilgen, 445 F.2d 287 (5th Cir., 1971).

■ Appellant, however, argues that the record demonstrates that the arrest was not made in a good faith enforcement of the ordinance, but rather that the arresting officer had been at the oil field equipment sale looking for Dameron, and had stopped him as soon as he was spotted. The testimony urged as supporting these allegations was that of Dameron himself. The arresting officer, however, also testified. His version of the arrest was that he observed a car driving at an excessive rate of speed on a curved segment of the highway running through Natchez—that he stopped the car only after following it and observing it erratically changing lanes. After stopping the car the officer testified that he approached Dameron's car on foot and only then did he recognize appellant as a previously convicted nonresident felon. Requesting and pocketing appellant's license, the officer requested Dameron to drive his car to the Natchez police station, there to answer why he had not registered as a visiting felon. At the station appellant was instructed of his rights under *Miranda*. Although he elected not to sign a waiver of rights form, Dameron did voluntarily sign a form giving his consent to a search of his automobile. Under these circumstances of conflicting reports and credibility choices, we think the district court properly refused appellant's motion to suppress and permitted him to argue the arrest to the jury. Cf. Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972).

The judgment is affirmed.