**UNITED STATES of America,**
**Plaintiff,**

v.

**Kenneth M. FUREM, Defendant.**

**No. 74–CR–217.**

United States District Court,
E. D. Wisconsin.

Feb. 10, 1975.

William J. Mulligan, U. S. Atty. by Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Demet & Demet by Francis J. Demet, Milwaukee, Wis., for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has filed a motion to dismiss the indictment. I conclude that such motion should be denied.

The defendant is charged in a one count indictment with making a false

statement in connection with the acquisition of a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a) (1970). The false statement involves Mr. Furem's negative answer to the question:

"Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year?"

The answer is alleged to have been false because of Mr. Furem's conviction and sentencing in the circuit court for Milwaukee County during May, 1971, for the crimes of possessing dangerous drugs and marihuana. The government further alleges that the latter crimes were punishable by imprisonment for a term exceeding one year pursuant to Wis.Stat. § 161.30(7) (1969).

The defendant first attempts to invalidate the indictment by collaterally attacking the constitutionality of the statute under which he had been convicted. The defendant allegedly had been convicted of a violation of Wis.Stat. § 161.30(7) (1969). Chapter 161, Wis. Stat., of which § 161.30(7) was a part, was repealed and replaced by the passage of the Uniform Controlled Substances Act [UCSA]. The UCSA became effective on October 1, 1972. See 1971 Laws of Wis. ch. 219, § 38.

■ It is the UCSA which the defendant asserts to be constitutionally infirm, but no challenge is being made to the validity of Wis.Stat. § 161.30(7) (1969), which is the law that was in effect at the time of the May, 1971, conviction and sentencing. Accordingly, the defendant's attack upon the UCSA has no relevance to this case and could not, even if successful, be grounds for dismissing the indictment.

■ The defendant next contends that the statutory basis for the indictment, 18 U.S.C. § 922(a)(6), operates as an ex post facto law or as a bill of attainder in violation of U.S.Const. art. I,

§ 9. The reasoning of the court in Cody v. United States, 460 F.2d 34, 37 (8th Cir.), cert. denied, 409 U.S. 1010, 93 S. Ct. 454, 34 L.Ed.2d 303 (1972), persuades me that § 922(a)(6) does not run afoul of article I, § 9 of the Constitution.

The defendant also urges that because Wis.Stat. ch. 161 (1969), was repealed upon the passage of the UCSA, he was granted a "legislative pardon." The pardon is said to arise from the fact that the repealing act reduced the penalty for the crimes for which the defendant was convicted from felony status to misdemeanor status. According to the defendant's reasoning, his answer of "no" to the question pertaining to prior felony convictions was not false for purposes of the crime charged in the indictment because of the "legislative pardon" which intervened in point of time between his conviction in May, 1971, and his application to purchase a firearm in March, 1974.

■ The defendant's "legislative pardon" theory is unconvincing. The defendant concedes that a "savings clause" in the repealing act can negate a common law "legislative pardon." In my opinion, 1971 Laws of Wis. ch. 219, § 36, adequately states a legislative intention to maintain the viability of felony treatment for those, such as the defendant, who were convicted of possession of marihuana pursuant to Wis.Stat. § 161.-30(7) (1969). The so-called "legislative pardon" is inapplicable to Mr. Furem, who was already convicted and sentenced prior to the effective date of the repealing legislation.

The defendant has raised other grounds in support of his motion to dismiss. I have considered them and find them to be without merit.

Therefore, it is ordered that the defendant's motion to dismiss the indictment be and hereby is denied.