UNITED STATES of America

v.

Richard Kent TOBIN.

Crim. No. 75–373.

United States District Court,
W. D. Pennsylvania.

Feb. 10, 1976.

James E. Roark, Pittsburgh, Pa., for plaintiff.

Gary V. Skiba, Erie, Pa., for defendant.

## MEMORANDUM AND ORDER DENYING MOTION TO DISMISS

KNOX, District Judge.

This case presents the novel question of whether the change in Pennsylvania's drug laws which reduced the crime of simple possession of marijuana from a felony to a misdemeanor effectively made the defendant, who was a convicted felon under the former statute, eligible to purchase and possess firearms under 18 U.S.C. §§ 922(a)(6) and 924(a) and 18 U.S.C. Appendix § 1202(a)(1). These statutes prohibit the purchase and possession of firearms by persons convicted of certain serious crimes.

The indictment is in two counts. Count I alleges violation of Section 1202(a)(1) of Title 18, U.S.C. Appendix[1] by receiving and possessing a .38 caliber revolver, which had been transported in interstate commerce, during a period in April of 1975. This is alleged to be unlawful because the defendant had been convicted on May 13, 1971, for violation of Pennsylvania's Drug, Device and Cosmetic Act, then codified at 35 Purdon's Pa.Stat. 780–4(q). Count II alleges that in obtaining the .38 caliber revolver from a licensed firearms dealer, the defendant made a false and fictitious statement intended and likely to deceive the dealer, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a).[2] The statement in question was defendant's written certificate that he had not been convicted of a crime punishable by imprisonment for a term exceeding one year.

Defendant challenges the sufficiency of the indictment on the ground that while his conviction in 1971 was a felony punishable by a term of imprisonment exceeding one year, the same offense is now a misdemeanor in Pennsylvania and is punishable by a term of imprisonment

---

1. Section 1202(a)(1) of U.S.C. Title 18, Appendix, provides:

   "Any person who—
   (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony . . .
   and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both."

2. § 922(a)(6) makes it unlawful:

   "for any person in connection with the acquisition . . . of any firearm . . . from . . . licensed dealer . . . knowingly to make any false or fictitious oral or written statement . . . intended or likely to deceive such . . . dealer . . . with respect to any fact material to the lawfulness of the sale . . . .".

   § 924(a) captioned "Penalties", provides:

   "whoever violates any provision of this chapter or knowingly makes any false statement or representation with respect to the information required by the provisions of this chapter to be kept in the records of a person licensed under this chapter, . . . shall be fined not more than $5,000, or imprisoned not more than five years, or both, and shall become eligible for parole as the Board of Parole shall determine."

not exceeding one year.[3] Defendant also challenges Count II of the indictment as insufficient for failure to allege any effect on interstate commerce.

The parties have stipulated to the admissibility of Government Exhibit No. 1 for the purposes of this motion. This exhibit shows that on May 13, 1971, the defendant, along with another person, was convicted by a jury in the Court of Common Pleas of Erie County, Pennsylvania, for possession of marijuana, in violation of the Drug, Device and Cosmetic Act, 35 Purdon's Pa.Stat. § 780–4(q). Tobin received a suspended sentence, was placed on one year's probation, and was required to pay the costs of prosecution. He did not appeal the conviction or sentence.

At the time of Tobin's conviction for possession of marijuana, that offense was a felony and carried a possible two to five year term for a first offender. 35 P.S. § 780–20(c). That statute was repealed, however, and was replaced by the "Controlled Substance, Drug, Device and Cosmetic Act", 35 P.S. §§ 780–101, et seq., 1972, April 14, P.L. 233, No. 64, as amended, hereinafter referred to as "The Controlled Substance Act". Section 780–113(a)(16) of this Act states an offense equivalent to that for which Tobin was convicted.[4] *Commonwealth v. Goodman*, 454 Pa. 358, 311 A.2d 652 (1973). Violation of § 780–113(a)(16) is deemed to be a misdemeanor and carries a possible term of imprisonment not exceeding one year and a fine not exceeding $5,000.

Section 39 of the Controlled Substance Act, 35 P.S. § 780–139(a), defines the relation of the newer act to its predecessor. Section 39(a) provides:

"Prosecution for any violation of law occurring prior to the effective date of this act is not affected or abated by this act. In any case not yet final if the offense is similar to one set out in this act, the penalties under this act apply if they are less than those under prior law."

This provision clearly indicates that the Pennsylvania General Assembly did not intend to make a wholesale reduction of prior marijuana offenses from felony to misdemeanor status. As stated in *Commonwealth v. Thomas*, 450 Pa. 548, 301 A.2d 359 (1973):

"Three elements must be present before a pending prosecution can be governed by the new Controlled Substance Act:

(1) the original offense charged must be similar to one set out in the new Act;

(2) the penalties provided in the new Act must be less than those established by prior law; and

(3) the case must not be finally litigated." 450 Pa. at 555, 301 A.2d at 364.

The Controlled Substance Act allowed defendants in certain cases *not yet final* to receive reduced sentences and to have their offense denominated misde-

---

**3.** The federal statutes involved in this case use the terms "felony" and "crime punishable by imprisonment for a term exceeding one year" in a very limited sense.

Section 1202(c)(2) defines "felony" (for purposes of Section 1202(a)(1)) as any offense "punishable by imprisonment for a term exceeding one year, but does not include any offense (other than one involving a firearm or explosive) classified as a misdemeanor under the laws of a State and punishable by a term of imprisonment of two years or less".

Section 921(a)(20) defines "crime punishable by imprisonment for a term exceeding one year" as not including "(A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices as the Secretary may by regulations designate, or (B) any State offense (other than one involving a firearm or explosive) classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less".

**4.** Tobin does not claim that his offense would fall within § 780–113(a)(31) under which possession of less than thirty grams of marijuana is a misdemeanor carrying a maximum of thirty days imprisonment and a $500 fine. However, the distinction between this subsection and subsection 780–113(a)(16) is immaterial for present purposes.

meanors. *Commonwealth v. Portalatin*, 223 Pa.Super. 33, 297 A.2d 144 (1972). In *Goodman*, supra, and *Thomas*, supra, the Supreme Court of Pennsylvania applied to cases arising under this statute the rule of finality enunciated by the United States Supreme Court in *Linkletter v. Walker*, 381 U.S. 618, 622 n.5, 85 S.Ct. 1731, 1734, 14 L.Ed.2d 601, 604 (1965) and previously adopted in Pennsylvania in *Commonwealth v. Little*, 432 Pa. 256, 248 A.2d 32 (1968). This rule is that a judgment is not final until the availability of appeal has been exhausted and the time for petition for certiorari has elapsed.

In this case, the record shows that defendant's conviction for possession of marijuana occurred on May 13, 1971. No appeal was pending on April 14, 1972, when the Controlled Substance Act was enacted, and as the time for filing an appeal had long since expired, the defendant was not entitled to the benefit of the reduced sentencing provisions of the newer act. Under Pennsylvania law, Tobin is therefore a convicted felon.

This result may appear harsh, particularly so when it is considered that had Tobin appealed his conviction to the Pennsylvania Superior and Supreme Courts—even though he received a suspended sentence and an appeal may have been frivolous—it is unlikely that his case would have been finally adjudicated by April 14, 1972. Nevertheless, examination of other federal cases deciding related matters, such as the effect of a pardon or a later reversal of the state conviction by a higher court, leads the court to the same conclusion that the defendant is among the class of persons who are not permitted to obtain firearms (unless they come within the limited exceptions not at issue here), and such was the intent of Congress at the time the legislation was enacted.

Initially, we note that *United States v. Furem*, 389 F.Supp. 285 (E.D.Wis.1975), reached the same conclusion when this problem arose under Wisconsin's marijuana laws. *Furem* involved an indictment under 18 U.S.C. § 922(a)(6) arising from a "No" answer to the question concerning prior convictions. The defendant in *Furem*, as in the case at bar, had been convicted of possession of marijuana, a felony at the time of his conviction. Subsequent to his conviction but prior to his application to purchase a firearm, Wisconsin reduced by general statute the crime of possession of marijuana to a misdemeanor. The court held that this statute did not vitiate defendant's prior conviction. No "legislative pardon" had been given, as the repealing statute "adequately state[d] a legislative intention to maintain the viability of felony treatment for those, such as the defendant, who were convicted [previously]". 389 F.Supp. 286.

Numerous cases, though not directly on point, have considered related problems of construction of 18 U.S.C. App. § 1202 and 18 U.S.C. § 922. Relying on the expansive scope of these acts and their narrowly delineated exceptions, courts have given these acts a relatively broad application consonant with their regulatory purpose. Thus, in *Huddleston v. United States*, 415 U.S. 814, 94 S.Ct. 1262, 39 L.Ed.2d 782 (1974), the court interpreted "acquisition" of a firearm under § 922(a)(6) to include a redemption from a pawnbroker by the bailee. And, in *Barrett v. United States*, —— U.S. ——, 96 S.Ct. 498, 46 L.Ed.2d 450 (44 LW 4050, decided Jan. 13, 1976), the court held, despite contrary dictum in *United States v. Bass*, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), that a felon's completely intrastate purchase from a retailer of a firearm that had previously traveled in interstate commerce violates 18 U.S.C. § 922(h).

Several circuit court opinions, also not directly on point, illustrate the tight construction given the few exceptions to the broad reach of these firearm statutes. It has been held, for example, that subsequent reversal of the state conviction does not excuse possession of a firearm at a time when the defendant stood con-

victed of the state offense. *United States v. Williams*, 484 F.2d 428 (8th Cir. 1973) (regarding 18 U.S.C. § 922(a)(6)); *United States v. Liles*, 432 F.2d 18 (9th Cir. 1970) (regarding 18 U.S.C. App. § 1202). Nor does a gubernatorial pardon obtained after defendant's arrest on the federal firearm charge excuse the federal offense. *United States v. Dameron*, 460 F.2d 294 (5th Cir. 1972).

In *United States v. Mostad*, 485 F.2d 199 (8th Cir. 1973), the court held that the defendant, who was "discharged from probation, restored to all civil rights and to full citizenship with full right to vote and hold office the same as if said conviction had not taken place" by a state judge pursuant to Minnesota Stat.Ann. 609.165, was not a person given a gubernatorial pardon for purposes of Section 1203(2). Rather, he belonged to a general class of convicted felons whose civil rights had been restored pursuant to a statute that is silent with respect to firearms. 485 F.2d at 200.

Likewise, in *Thrall v. Wolfe*, 503 F.2d 313 (7th Cir. 1974), a civil case in which plaintiff sought review of a decision of the Internal Revenue Service denying his application as a dealer and manufacturer of firearms, the court held that a gubernatorial pardon did not overcome the statutory disability to deal in firearms imposed on felons by 18 U.S.C. § 922(g) and (h). Noting that Section 925 provided relief from the disability to purchase (or deal in) firearms in some cases through application to the Secretary of the Treasury,[5] the court stated:

"It is unlikely that Congress intended, in effect, to confer an even broader power on the 50 state governors, free of the standards and limitations placed on the Treasury Secretary. If a state pardon were an alternative to relief under § 925(c), the exception for crimes involving a firearm would have little vitality.

\* \* \* \* \* \*

"Where Congress did intend that a state pardon exempt an individual from a portion of the federal gun control laws, it had no difficulty expressing that intention." 503 F.2d at 316.

The principle that if Congress intended to allow the exception urged by defendant, it could well have said so, was also relied on in *Liles*, supra:

"When it so intended, Congress was quite clear in spelling out exemptions for analogous problems. For example, a specific exemption is provided in Title VII for those who are pardoned for their crimes and who expressly have been granted permission by the chief executive who pardoned them to possess firearms. (18 U.S.C. App. 1203(1).) The inference follows that Congress' failure to provide an exemption for one in the appellant's position was purposeful." 432 F.2d at 20–21.

This principle of statutory construction applies with equal force to the present case. Congress has provided limited exceptions to the firearms statutes. If Congress intended a change in state law to be a further exception, it could well have said so. Congress did not make such an exception. We are therefore constrained to hold that Pennsylvania's change in law does not make the defendant eligible to acquire and possess firearms under these federal statutes.

In view of this disposition of the case, it becomes unnecessary to determine whether defendant's statement that he had not been convicted of a felony would be materially false under Section 922(a)(6) even if the change in Pennsylvania law made his felony conviction a misdemeanor. The government did not

---

5. The Secretary may grant relief if "it is established to his satisfaction that the circumstances regarding the conviction, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of relief would not be contrary to the public interest". No relief may be given, however, if the crime involved the use of firearms or a violation of certain federal firearm provisions.

raise this issue, but it is noteworthy that *United States v. Crandall*, 453 F.2d 1216 (1st Cir. 1972), held that defendant's misrepresentation of his name, address and date of birth was material, in violation of Section 922(a)(6), despite the fact that he was not a prohibited buyer and would have been eligible to purchase a firearm even if his real identity had been given.

Defendant has challenged the sufficiency of Count II of the indictment on the additional ground that the indictment fails to allege any affect on interstate commerce. Count II charges the making of a false statement to a licensed firearm dealer in connection with the acquisition of a firearm in violation of Sections 922(a)(6) and 924(a). Defendant's contention has been answered in *Huddleston v. United States*, 415 U.S. 814, 94 S.Ct. 1262, 39 L.Ed.2d 782 (1974):

> "Finally, no interstate nexus need be demonstrated. Congress intended, and properly so, that §§ 922(a)(6) and (d)(1), in contrast to 18 U.S.C. App. § 1202(a)(1) . . ., were to reach transactions that are wholly intrastate, as the Court of Appeals correctly reasoned, 'on the theory that such transactions affect interstate commerce.' 472 F.2d at 593"

The Supreme Court has re-affirmed this proposition in *Barrett v. United States*, —— U.S. ——, ——, 96 S.Ct. 498, 500, 46 L.Ed.2d 450, 453 (44 LW 4050, 4052, decided January 13, 1976).

Defendant's motion to dismiss the indictment will be denied.